UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHAD DOUGLAS PANTLE,

      Plaintiff,

v.                                   Case No:  6:24-cv-1591-CEM-LHP

CHARLES G. CRAWFORD and
MELANIE FREEMAN CHASE,

      Defendants

---

ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   REQUEST TO ENTER DEFAULT AGAINST DEFENDANT   (Doc. No. 15)
>
> **FILED:**     October 4, 2024
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On August 30, 2024, Plaintiff, proceeding *pro se*, instituted this action against Defendants Charles G. Crawford and Melanie Freeman Chase. Doc. No. 1. Plaintiff filed returns of service demonstrating that Defendant Crawford was served with a copy of the summons and complaint on September 10, 2024, and Defendant

Freeman Chase was served on September 13, 2024. Doc. Nos. 11, 12. Thus, Defendant Crawford's deadline for responding to the complaint was October 1, 2024, and Defendant Freeman Chase's response deadline was October 4, 2024. Fed. R. Civ. P. 12(a)(1)(i).

On October 4, 2024, Defendants both appeared in this case through the same counsel, and they have filed a joint motion to dismiss. Doc. Nos. 13–14. The same day, Plaintiff filed a motion for Clerk's default against Defendant Crawford for failure to timely plead or otherwise defend. Doc. No. 15. The Court directed Defendant Crawford to respond to Plaintiff's motion, Doc. No. 16, and Defendant Crawford timely complied, Doc. No. 18.

Upon review, given the brief delay, and the explanation provided by counsel for Defendant Crawford, Doc. No. 18, the Court does not find default warranted. *Cf. White v. Hiers*, No. 1:13-CV-2404-SCJ, 2014 WL 12638087, at *4 (N.D. Ga. Oct. 22, 2014) ("Defendant's four-day delay in filing its Answer does not qualify as the type of 'extreme situation' that justifies a default judgment."). Notably, the Eleventh Circuit has repeatedly held that there is a strong policy in favor of resolving cases on the merits and that defaults are viewed with disfavor. *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits." (citing *Gulf Coast*

*Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984))). "[W]hen doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Kilbride v. Vrondran*, No. 07-0389-WS-M, 2007 WL 2775185, at *2 (S.D. Ala. Sept. 21, 2007) (citation omitted).

Accordingly, considering these standards, the representations by defense counsel, Doc. No. 18, and that Defendants have both now appeared in this case, Doc. Nos. 13–14, Plaintiff's request for Clerk's default (Doc. No. 15) is **DENIED** at this time. The remaining pending matters, Doc. Nos. 14, 17, will be addressed separately.

**DONE** and **ORDERED** in Orlando, Florida on October 21, 2024.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties